Filed 3/14/16  P. v. Harville CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILBERT DOMINIC HARVILLE,<br><br>    Defendant and Appellant. | D068707<br><br><br>(Super. Ct. Nos. SCD259522, SCD261948) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel F. Link, Judge.  Affirmed and remanded for further proceedings.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General and Allison V. Hawley, Deputy Attorney General, for Plaintiff and Respondent.

In November 2014, Wilbert Dominic Harville was charged with two felony counts for vehicle theft and obtaining a stolen vehicle, and two misdemeanor counts for possessing methamphetamine and drug paraphernalia (SCD259522, the first case).  Harville pleaded guilty to all counts.  The trial court later sentenced Harville to the upper

term of three years for the vehicle theft charge, suspended the sentence on the condition that Harville serve 365 days in custody with credit of 97 actual and 96 days of Penal Code section 4019 credit, ordered the payment of certain fines and fees, but stayed the order pending successful completion of probation. (Undesignated statutory references are to the Penal Code.) The court imposed the same sentence for the obtaining stolen property count, but stayed the sentence under section 654. As to the misdemeanor counts, the court suspended imposition of sentence for three years on the same terms and conditions as the vehicle theft count and added a year to the suspended sentence for a prison prior, for a total suspended prison term of four years.

In April 2015, Harville was released from local custody and placed on probation. The following month, he was arrested and charged with felony vehicle theft and obtaining stolen vehicle (SCD261948, the second case). In July 2015, Harville moved for new counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). The trial court conducted a *Marsden* hearing and denied the motion. Harville then sought to represent himself, but the trial court denied the request. Harville made a second *Marsden* motion later that month, which the trial court denied.

A jury found Harville guilty of obtaining stolen property. The trial court dismissed the vehicle theft charge after the jury returned the verdict form unsigned. At the sentencing hearing, the trial court lifted the stay on the four-year suspended sentence from case one and sentenced Harville to an additional eight months, consecutive, on case two, for a total of four years eight months, to be served locally. The trial court stated it would not order restitution because the victim did not ask for restitution. The trial court

2

calculated custody credits, but did not address any fines or fees. Harville timely appealed.

We requested a supplemental letter brief from counsel to address whether the trial court erred when it failed to address fines and fees at the August 17, 2015 sentencing hearing and include fines and fees in the abstract of judgment. Both counsel responded to our request for supplemental briefs.

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. He presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Counsel listed as possible but not arguable issues, whether the trial court should have granted the *Marsden* motions or Harville's motion for self-representation. Counsel advised Harville of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. We also granted Harville permission to file a brief on his own behalf. We received no communication from Harville.

At the August 17, 2015 sentencing hearing the trial court declined to order restitution because the victim did not ask for restitution. This statement satisfied its duty under subdivision (b) of section 1202.4 to "impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." The trial court, however, failed to mention other mandatory fines and fees. Failure to impose mandatory fees, fines, penalties, and assessments

3

constitutes an unauthorized sentence, which may be corrected by an appellate court even in the absence of an objection or argument below. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415.) Accordingly, we must remand the matter to the trial court to rectify its failure to provide a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

We have now concluded our independent review of the record and find no other reasonably arguable issues. Competent counsel has represented Harville on this appeal.

DISPOSITION

The matter is remanded to the trial court for determination and imposition of all appropriate mandatory fees, fines, and assessments and correction of the abstract of judgment. In all other respects, the judgment is affirmed. The trial court is directed to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

McDONALD, J.