Filed 3/15/16  P. v. Colbourn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077388 |
| v. | (Super. Ct. No. CM040165) |
| ORRIN TYLER COLBOURN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Orrin Tyler Colbourn asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will modify the judgment to impose a mandatory $300 parole revocation fine (Pen. Code,

§ 1202.45)[1] and to specify that an $850 "fine" orally imposed by the trial court consists of a fine and other fees and assessments identified in this opinion. Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

I

Oroville Police Department officers responded on December 13, 2013, to a report of an individual in the roadway blocking traffic. The officers found defendant in the intersection claiming to be Jesus Christ and attempted to speak with him. Defendant started to fight and struck one of the officers.

A criminal complaint charged defendant with battery with injury on a peace officer (§ 243, subd. (c)(2) -- count 1) and resisting an executive officer (§ 69 -- count 2), and also charged him with misdemeanor resisting, obstructing, or delaying a peace officer or EMT (§ 148, subd. (a)(1) -- count 3).

The trial court suspended criminal proceedings on December 31, 2013, and issued an order for examination to determine defendant's mental competency to stand trial pursuant to section 1368. A written report from psychologist Eugene Roeder concluded defendant was not competent to stand trial. Based on that report, the trial court found defendant incompetent to stand trial and referred the matter for appropriate placement. On March 5, 2014, the trial court issued an order for commitment to state hospital for treatment pursuant to section 1370. The order for commitment also applied to pending case Nos. CM040066 and PCS00166. The trial court subsequently received into evidence a written report issued by state hospital staff, concluding that defendant was not yet competent to stand trial and recommending he be retained for further treatment.

---

[1] Undesignated statutory references are to the Penal Code.

2

Based on that report, the trial court found defendant incompetent to stand trial and ordered continued treatment.

However, on August 13, 2014, the trial court received into evidence a report issued by state hospital staff recommending that defendant be returned to court as competent to stand trial. Based on that report, the trial court found defendant competent to stand trial and reinstated criminal proceedings. That same day, defendant entered a plea of no contest to the count 2 charge of felony resisting an executive officer (§ 69) in exchange for a stipulated upper term sentence of three years. All remaining charges, as well as all charges in pending case No. CM040066, were dismissed with a *Harvey*[2] waiver.

The trial court sentenced defendant to the upper term of three years as stipulated, awarded 432 days of presentence credit (258 actual days [174 in county jail plus 84 in the state hospital] and 174 conduct days), and orally imposed a $300 restitution fine (§ 1202.4) and an $850 fine pursuant to section 672 with penalty assessments. In case No. PCS00166, the trial court found defendant in violation of his post community release supervision, ordered him to serve 180 days in county jail in that matter, and reinstated post community release supervision.

The trial court denied defendant's request for a certificate of probable cause. (§ 1237.5.)

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record indicates that the trial court did not orally impose a mandatory $300 parole revocation fine. (§ 1202.45) In addition, the trial court orally imposed an $850 fine pursuant to section 672 with penalty assessments but did not orally articulate the specific amounts or statutory bases comprising the $850 amount. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

The record indicates, however, that the $850 amount includes a fine and other fees and assessments. The supplemental probation report recommended that defendant be ordered to pay, among other things, an $850 amount consisting of the following: a $200 fine (§ 672), a $40 court surcharge (§ 1465.7), a $100 state court facilities construction fund fee (Gov. Code, § 70372, subd. (a)), a $200 state penalty assessment (§ 1464), a $20 DNA identification fund fee (Gov. Code, §76104.6), an $80 DNA identification fund fee (Gov. Code, § 76104.7), a $140 county penalty assessment (Gov. Code, § 76000), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment fee (Gov. Code, §§ 70373, 76000). The amended abstract of judgment articulates these items and also includes the $300 parole revocation fine pursuant to section 1202.45.

We will modify the judgment to impose the mandatory $300 parole revocation fine (§ 1202.45) and to specify that the $850 amount orally imposed by the trial court consists of the fine, fees and assessments set forth above. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415.)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to impose a $300 parole revocation fine pursuant to section 1202.45, stayed pending successful completion of parole, and to specify that the $850 amount orally imposed by the trial court consists of the following: a $200 fine

4

(§ 672), a $40 court surcharge (§ 1465.7), a $100 state court facilities construction fund fee (Gov. Code, § 70372, subd. (a)), a $200 state penalty assessment (§ 1464), a $20 DNA identification fund fee (Gov. Code, §76104.6), an $80 DNA identification fund fee (Gov. Code, § 76104.7), a $140 county penalty assessment (Gov. Code, § 76000), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment fee (Gov. Code, §§ 70373, 76000). The judgment is affirmed as modified.

                                                           /S/
                                         Mauro, J.

We concur:

     /S/
Raye, P. J.

     /S/
Duarte, J.