Filed 6/15/16  P. v. Bagnaschi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CALLI MARIE BAGNASCHI,<br><br>  Defendant and Appellant. | C079630<br><br>(Super. Ct. No. 11F1493,<br>  12F4854, 14F3223) |

Appointed counsel for defendant Calli Marie Bagnaschi has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

# I

*Case No. 11F1493*

On multiple occasions in June 2010, defendant stole items from Alan Cochran's apartment, including X-Box 360 games, prescription pills, and at least $1,500 in cash. Defendant also took Cochran's bank card and used it to withdraw money from an ATM.

On March 15, 2011, defendant was charged by criminal complaint with grand theft of personal property, a felony. (Pen. Code, § 487, subd. (a).)[1]

*Case No. 12F4854*

On June 28, 2012, defendant, who was driving a stolen car, led police on a high-speed chase. When defendant finally stopped the car, she initially failed to comply with the orders of the arresting officers.

On July 24, 2012, defendant was charged by criminal complaint with receiving stolen property obtained by extortion, a felony (§ 496, subd. (a)--count 1), unlawful driving or taking of a vehicle, a felony (Veh. Code, § 10851, subd. (a)--count 2), evading an officer with disregard for public safety, a felony (Veh. Code, § 2800.2--count 3), and resisting, obstructing, or delaying an officer or EMT, a misdemeanor (§ 148, subd. (a)(1)--count 4). The complaint alleged defendant committed counts 1, 2, and 3 while released on bail or her own recognizance (OR). (§ 12022.1.)

On October 10, 2013, defendant entered a negotiated plea in case Nos. 11F1493 and 12F4854 whereby she pleaded guilty as charged in case No. 11F1493, and pleaded guilty to counts 2 and 3 and admitted the on-bail enhancement in case No. 12F4854, in exchange for a grant of formal probation and dismissal with a *Harvey*[2] waiver of the

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

balance of charges in case No. 12F4854 and all charges and allegations pending against her in case Nos. 12F2089, 12F6905, and 12F4552.

On December 4, 2013, the trial court suspended imposition of sentence and placed defendant on three years of formal probation subject to specified terms and conditions.

*January 29, 2014, Violations of Probation*

On January 29, 2014, the probation department filed petitions for revocation of probation in case Nos. 11F1493 and 12F4854 alleging defendant failed to report to probation immediately after her release from custody on December 5, 2013.

*Case No. 14F3223*

On April 3, 2014, Shasta County Sheriff's Deputy Tim Estes observed defendant drive past his patrol vehicle and pull up in front of a house. Several people got out of the car and ran from the vehicle toward the house.

Knowing defendant had active warrants for her arrest, Deputy Estes positioned his patrol car behind defendant's vehicle and shined his spotlight on her car. Defendant, who was by that time standing in front of her car, acknowledged having active warrants for her arrest and stated she did not have a valid driver's license. When asked whether there was anything illegal inside the car, defendant responded, "There's some shit in the vehicle." Defendant told Deputy the "shit" was hers and that it was located in a backpack inside the car. Defendant was handcuffed and placed in the patrol car.

Deputy Estes walked his police K-9, Blitz, around defendant's car. Blitz alerted at the rear driver's side passenger door. Deputy Estes opened the door and found a backpack on the seat. Blitz alerted on the backpack. A search of the backpack revealed clear Ziploc bags containing methamphetamine, a larger clear plastic bag containing a straw and folded paper, a scale with methamphetamine residue on it, and pay/owe sheets.

Once the search was complete, Deputy Estes spoke with defendant, who admitted she possessed the methamphetamine for the sole purpose of selling it so that she could raise money to move to Eureka to live near her daughter.

On July 30, 2014, defendant was charged by complaint deemed an information with felony possession of methamphetamine, a controlled substance (Health & Saf. Code, § 11377, subd. (a)--count 1), felony possession for sale of methamphetamine, a controlled substance (Health & Saf. Code, § 11378--count 2), felony sale or transportation of methamphetamine, a controlled substance (Health & Saf. Code, § 11379, subd. (a)--count 3), and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a)--count 4).

Count 1 was subsequently reduced to a misdemeanor, and the information was amended to charge defendant with felony possession for sale of methamphetamine, a controlled substance (Health & Saf. Code, § 11378--count 1), felony sale or transportation of methamphetamine, a controlled substance (Health & Saf. Code, § 11379, subd. (a)--count 2), and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a)--count 3).

*May 12, 2015, Violations of Probation*

On May 12, 2015, the prosecution filed a second petition for revocation of probation alleging defendant violated probation in case Nos. 12F4854 and 11F1493 by committing the new offenses charged in case No. 14F3223.

*Trial, Judgment, and Sentencing*

The matter was tried to a jury. At the close of evidence, defendant filed a motion for judgment of acquittal on counts 1 and 2 pursuant to section 1118.1. The trial court denied the motion.

The jury found defendant guilty of all three counts. The trial court sustained the May 12, 2015, petitions for revocation of probation in case Nos. 11F1493 and 12F4584

4

and revoked probation in both cases. The January 29, 2014, petition for revocation of probation was dismissed in the interest of justice.

The trial court imposed an aggregate sentence of six years four months as follows:

In case No. 12F4584, the court imposed the middle term of two years on count 2, plus two years for the on-bail enhancement, and a consecutive eight-month term (one-third the middle term) for count 3.

In case No. 11F1493, the court imposed a consecutive eight-month term (one-third the middle term).

In case No. 14F3223, the court imposed a term of one year (one-third the middle term) on count 2, plus a concurrent term of six months on count 3 (a misdemeanor), and a term of eight months (one-third the middle term) on count 1, stayed pursuant to section 654.

The court stayed execution of the sentence, and revoked, reinstated, and extended formal probation in case Nos. 11F1493 and 12F4584 to expire on June 10, 2018, subject to specified terms and conditions, including payment of fees and fines as follows:[3] a $600 restitution fine; a $600 probation revocation restitution fine, stayed pending successful completion of probation; a "$780 criminal fine plus penalty assessments and other mandatory--including penalty assessments and the penalty . . . the other court assessments at the rate of 40 [*sic*], plus a $40 fee for collections, . . . a criminal laboratory analysis fee of [$195] . . . a court operations assessment fee of $2,200 . . . a criminal conviction assessment fee of [$150]." The court also ordered defendant to pay the following "according to her financial ability": "the cost of probation services not to exceed $75 a month, a booking fee of $151, pay a fee of $250 . . . for preparation of the presentence investigation report pursuant to Penal Code Section 1203.1[b, subdivision]

---

[3] The parties waived recitation of the statutory bases for the fees and fines imposed.

(a)." The court found defendant did not have an ability to pay $2,040 in attorney fees and set the matter for a second ability to pay hearing on January 12, 2016.

The court's minute order imposes the following fees and fines: a $600 restitution fine (§ 1202.4, subd. (b)); a $600 probation revocation restitution fine, stayed pending successful completion of probation (§ 1202.44); an aggregate fine of $780, which includes a $200 fine (§ 672), plus a $200 state penalty assessment (§ 1464, subd. (a)), a $20 DNA penalty assessment (Gov. Code, § 76104.6), an $80 DNA penalty assessment (Gov. Code, § 76104.7), a $100 state court facilities construction fee (Gov. Code, § 70372, subd. (a)(1)), a $140 county penalty assessment (Gov. Code, § 76000, subd. (a)(1)), and a $40 state criminal fine surcharge (§ 1465.7, subd. (a)); an aggregate fee of $195, which includes a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5), $50 (§ 1464), $10 (§ 1465.7), $5 (Gov. Code, § 76104.6), $20 (Gov. Code, § 76104.7), $25 (Gov. Code, § 70372, subd. (a)(1)), and $35 (Gov. Code, § 76000, subd. (a)(1)); a $120 court operations assessment fee (§ 1465.8, subd. (a)(1)); and a $90 criminal conviction assessment fee (Gov. Code, § 70373). The minute order also imposes the cost of probation services not to exceed $75 per month; a $151 booking fee; a $250 fee for preparation of the presentence investigation report (§ 1203.1b, subd. (a)), and notes an ability to pay hearing scheduled for January 12, 2016, regarding attorney fees of $2,040.

Defendant filed timely notices of appeal. She neither requested nor obtained a certificate of probable cause.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right

6

to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant.

We note that the trial court erred in imposing a court operations fee in the amount of $2,200 pursuant to section 1465.8, subdivision (a)(1), which provides that "an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense, including a traffic offense . . . involving a violation of a section of the Vehicle Code." Defendant was convicted of two felonies and one misdemeanor, and thus subject to a court operations fee of $120. However, we need not exercise our inherent authority to correct an otherwise unauthorized sentence (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415) because the court's minute order imposes the correct fee of $120.

Similarly, the trial court erred in imposing a criminal conviction assessment fee in the amount of $150 pursuant to Government Code section 70373, which provides that "an assessment shall be imposed on every conviction for a criminal offense . . . involving a violation of a section of the Vehicle Code . . . in the amount of thirty dollars ($30) for each misdemeanor or felony." Again, defendant was convicted of two felonies and one misdemeanor, and was therefore subject to a criminal conviction assessment fee of $90. However, again, we need not correct the unauthorized sentence, as the court's minute order accurately imposes the correct fee of $90.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

       HULL       , J.

We concur:

       RAYE       , P. J.

       NICHOLSON       , J.