Filed 4/16/13  P. v. Figueroa CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE FIGUEROA,<br><br>    Defendant and Appellant. | B244015<br><br>(Los Angeles County<br>Super. Ct. No. VA122831) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Schuur, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Jose Figueroa, appeals from a judgment following a plea agreement and issuance of a probable cause certificate. Appointed appellate counsel filed a brief raising no issues. We affirm the judgment.

On December 13, 2011, Los Angeles County Deputy Sheriff Paul Merino saw defendant change lanes without signaling, a violation of Vehicle Code section 22107. This caused a vehicle on the other lane to stop abruptly, almost rear-ending defendant's car. Deputy Merino conducted a traffic stop. Defendant was asked for his driver's license and registration. Defendant responded he had a driver's license but did not have it with him.

While talking with defendant, Deputy Merino smelled a marijuana odor. Defendant was directed to exit his car. Defendant was placed in the back of Deputy Merino's patrol car. Deputy Merino walked his narcotics dog to the car. As this was happening, defendant pounded on the screen window and loudly cursed. Deputy Merino went back to the patrol car. Defendant was asked if there was anything in his car that would harm the dog. Defendant replied, "Let's see how good your dog is." Deputy Merino had the dog enter the car to sniff its interior. The dog sniffed the rear of the back and alerted Deputy Merino to a cardboard box. Inside the box, Deputy Merino found three brick-sized packages containing cocaine bricks wrapped in tape. Deputy Merino confiscated the box and arrested defendant.

When cross-examined, Deputy Merino admitted he did not find marijuana or drug paraphernalia in the car. Nor was there marijuana or drug paraphernalia on defendant's person. In addition, defendant was not tested to see if defendant was under the influence of marijuana. Deputy Merino did not obtain a search warrant before searching defendant's car. Deputy Merino denied receiving any prior information that defendant possessed drugs before conducting the traffic stop.

The March 12, 2012 information charged defendant in two counts with transportation and possession for sale of cocaine. (Health & Saf. Code, §§ 11351, 11352, subd. (a).) The information alleged as to both counts, the cocaine weighed in excess of 2,911 grams within the meaning of Health and Safety Code section 11370.4, subdivision

(a)(1). The information also alleged defendant had sustained three prior drug convictions for violations of Health and Safety Code section 11352, within the meaning of Penal Code section 1203.07, subdivision (a)(11).

On April 9, 2012, defendant moved to set aside the information pursuant to Penal Code section 995. Defendant argued: Deputy Merino made a pretextual stop; the assertion Deputy Merino smelled marijuana was unsupported; and the evidence was insufficient to show he had knowledge of the cocaine's presence. Defendant moved to disclose the identity of the confidential informant. In addition, defendant moved to suppress the evidence pursuant to Penal Code section 1538.5.

On May 1, 2012, the trial court conducted an in camera hearing on defendant's motion to disclose the informant's identity. The informant disclosure motion was denied. Then the trial court heard and denied defendant's motion to suppress. The trial court found the stop was valid based on the Vehicle Code violation. In addition, the trial court ruled Deputy Merino had probable cause to detain defendant and search the car because of the marijuana odor. On July 18, 2012, the trial court conducted an in camera hearing on defendant's motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 535-537. The peace officer personnel records disclosure motion was denied.

On August 23, 2012, defendant pled no contest to possession of cocaine for purposes of sale. Defendant admitted the Health and Safety Code section 11370.4 subdivision (a)(1) allegation was true. Defendant waived the: right to a jury or court trial; right to confront and cross-examine witnesses; right to remain silent; and right to produce evidence and present a defense.

Defendant was sentenced to the agreed-upon term of five years in county jail, calculated at the low-term of two years under Health and Safety Code section 11351, plus three years pursuant to Health and Safety Code section 11370.4, subdivision (a)(1). Defendant was awarded 510 days of presentence credit, consisting of 255 days of actual custody and 255 conduct credits. The trial court imposed a: $240 restitution fine; $40 court security fee; $30 criminal conviction assessment; and $190 laboratory fee which included $140 in penalties and the surcharge. Defendant also was ordered to register as a

3

narcotics offender. On a silent record, as here, we presume the trial court found defendant did not have an ability to pay the drug program fee based on the ability to pay provision under Health and Safety Code section 11372.7, subdivision (a). (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413, fn.3.)

Defendant filed a notice of appeal on September 12, 2012. Defendant appealed the denial of all his pretrial motions including the: Penal Code Section 995 motion to dismiss; Penal Code section 1538.5 motion to suppress evidence; informant disclosure motion; and peace officer personnel records disclosure motion. The trial court issued a probable cause certificate on September 13, 2012.

We appointed counsel to represent defendant. After examination of the record, experienced appointed appellate counsel has filed a brief in which no issues are raised. Instead, appointed appellate counsel has asked us to independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.) On December 5, 2012, we advised defendant he had 30 days within which to submit by brief or letter any contentions or argument he wished us to consider. No response has been received.

We have examined the entire record in accordance with *People v. Wende, supra,* 25 Cal.3d at pages 441-442. Neither appointed counsel nor defendant has identified any issue for our review. We agree with appointed appellate counsel that no arguable issue exists on appeal. The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


ARMSTRONG, J.                                        KRIEGLER, J.


4