Filed 12/8/15  P. v. Goodman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>REGINA RENEE GOODMAN,<br><br>    Defendant and Appellant. | C079016<br><br>(Super. Ct. No. 14F07190) |

Appointed counsel for defendant Regina Renee Goodman has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall modify the judgment to correct erroneous imposition of fees and fines, and affirm the judgment as modified.

1

## BACKGROUND

Defendant was charged by amended complaint with vehicle theft (Veh. Code, § 10851, subd. (a)--count one), receipt of a stolen vehicle (Pen. Code, § 496d, subd. (a)--count two),[1] and two counts of receiving stolen property (§ 496, subd. (a)--counts three and four). The amended complaint alleged that, as to counts one and two, defendant was twice convicted of violations of Vehicle Code section 10851, subdivision (a) (§ 666.5, subd. (a)), and that defendant served a prior prison term (§ 667.5, subd. (b)).

Pursuant to a negotiated plea bargain, defendant pleaded no contest to count one and admitted the prior theft allegation in exchange for dismissal of the balance of charges and allegations against her and a stipulated split sentence of three years, with 16 months in county jail and the remaining 20 months suspended under mandatory supervision.[2]

The trial court sentenced defendant to three years in county prison, to be served locally pursuant to section 1170, subdivision (h)(5)(B), as a split term, with 16 months served in county jail and the remaining 20 months suspended under mandatory supervision subject to written mandatory supervision conditions. The court orally imposed mandatory fees and fines as set forth in the written mandatory supervision conditions, but "only in the minimum amounts." The written mandatory supervision conditions included the following fees and fines: a $300 restitution fine (§ 1202.4); a $300 "additional restitution fine" pursuant to section "1202.44," stayed pending successful completion of probation; a $40 court security surcharge fee (§ 1465.8, subd. (a)(1)), a $30 court facility fee (Gov. Code, § 70373), and a criminal impact fee

---

[1] Further undesignated statutory references are to the Penal Code.

[2] The record provided to us does not contain a transcript of the change of plea hearing. Counsel explicitly indicates that defendant's appeal is "based upon the sentencing or other matters occurring after the plea." Most likely this is because defendant did not obtain a certificate of probable cause; although the record contains her request for one, it does not show that the request was granted.

"calculated as 20% of the base fine amount" (§ 1465.7, subd. (a)). The court reserved the issue of restitution to victim John Ford (§ 1202.4, subd. (f)(11)), and ordered that defendant "pay restitution plus interest if the restitution amount is fifty dollars ($50.00) or more, with ten percent (10%) per annum interest accruing as to each installment on the date the installment becomes due" (§ 1214.5, subd. (b)(2)). Defendant was awarded 321 days of presentence custody credit (161 actual days plus 160 days of conduct credit). She filed a timely notice of appeal.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

We have reviewed the record provided to us and found errors in sentencing.

First, the trial court imposed a criminal impact fee pursuant to section 1465.7, subdivision (a), which provides that "[a] state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment as specified in subdivision (a) of [s]ection 1464." However, the trial court did not impose a base fine from which to calculate the surcharge. Accordingly, we modify the judgment to strike the criminal impact fee.

Second, the trial court imposed and stayed a $300 "additional restitution fine" pursuant to section 1202.44. Because defendant was sentenced to a term of imprisonment in local custody followed by placement on mandatory supervision, the statutorily mandated fine is found in section 1202.45, subdivision (b), rather than section 1202.44. (See *People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1419-1423.) We modify the judgment to impose and stay the applicable fine pursuant to the correct authority. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415 [an unauthorized

3

sentence may be corrected by an appellate court even in the absence of an objection or argument below].)

Having undertaken an examination of the record provided to us, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to strike the criminal impact fee and the $300 fine pursuant to section 1202.44 and to impose and stay a $300 mandatory supervision revocation restitution fine pursuant to section 1202.45.  As modified, the judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Nicholson, Acting P. J.

/s/
Hull, J.

4