Filed 2/17/16  P. v. Trujillo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>PATRICK TRUJILLO,<br><br>      Defendant and Appellant. | C077510<br><br>(Super. Ct. No. 13F02230) |

Appointed counsel for defendant Patrick Trujillo has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm defendant's conviction.  However, we must remand the matter to the trial court to (1) specify the minimum mandatory fees, fines, penalties, and assessments imposed and (2) amend the abstract of judgment to include the amounts and statutory bases for all fines, fees, penalties, and assessments imposed.

1

# I

## *Summary of Facts and Procedural History*

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was charged by amended information with failure to register as a sex offender (Pen. Code, § 290.018--count one) and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)--count two).[1] The amended information alleged defendant served six prior prison terms (§ 667.5, subd. (b)), and incurred two prior serious felony convictions within the meaning of section 1192.7, subdivision (c). (§§ 1170.12, 667, subds. (b)-(i).)

Pursuant to defendant's plea of not guilty by reason of insanity, the trial court appointed two doctors to determine defendant's competency to stand trial.

Over the course of the criminal proceedings, defendant filed a *Pitchess*[2] motion seeking discovery of law enforcement officers' personnel records, and two separate motions to substitute counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). After conducting an *in camera* examination of the *Pitchess* materials, the trial court denied defendant's motion. After conducting *in camera* hearings as to each *Marsden* motion, the trial court found there was no showing of inadequate representation.

The trial court heard and denied defendant's motions to suppress evidence (§ 1538.5) and exclude his prior statements due to an alleged violation of his *Miranda*[3] rights.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[3] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694] (*Miranda*).

On August 20, 2014, defendant withdrew his guilty by reason of insanity plea and entered a negotiated plea of no contest to count one and admitted one of the strike allegations in exchange for a stipulated sentence of 32 months in state prison and dismissal of the balance of charges and allegations against him. The factual basis to substantiate the plea is as follows: On March 28, 1983, defendant was convicted of assault with intent to commit rape, a felony. (§ 220.) As a result, he was required to register as a convicted sex offender for life, and to do so each year within five working days of his birthday. Defendant twice failed to do so (between January and April 2013) in Sacramento County. The March 28, 1983, conviction is also the basis for the prior strike conviction.

Pursuant to defendant's waiver of referral to the probation department and request for immediate sentencing, the trial court sentenced defendant to serve 32 months in prison as stipulated, awarded him 980 days of presentence custody credit (490 actual days plus 490 conduct credits), and imposed fees and fines, including a restitution fine "in the minimum amount of $300" (§ 1202.4), a $300 parole revocation fine, stayed pending successful completion of parole (§ 1202.45), a $30 court facility fee (Gov. Code, § 70373), and a $40 court security fee. (§ 1465.8, subd. (a)(1).) The court also imposed "[a]ny other and all mandatory fees" in their "minimum amounts." In addition, the court waived all nonmandatory fees and fines based on inability to pay.

Defendant filed a timely notice of appeal. The court denied his request for a certificate of probable cause. (§ 1237.5.)

## II

### *Wende Review*

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal.

3

(*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. However, there are some issues with the imposition of fees and fines that require us to remand the matter to the trial court to specify the minimum mandatory fees and fines imposed and amend the abstract of judgment to include the amounts and statutory bases for all fees and fines imposed.

First, the minimum restitution fine at the time of defendant's offense was $280. Although that minimum fine had been increased to $300 by the time of defendant's sentencing, defendant was still eligible to be sentenced under the prior minimum of $280. (Stats. 2011, ch. 358, § 1, effective Jan. 1, 2012.) The trial court stated it was imposing "[a] restitution fine in the minimum amount of $300." The trial court also stated that "[a]ny other and all mandatory fees will be set in minimum amounts." In addition, the trial court waived all nonmandatory fees based on defendant's inability to pay. Based on the trial court's express statements, it seems clear the trial court intended to impose the minimum restitution and parole revocation fines. That said, we note the abstract of judgment reflects restitution and parole revocation fines in the amount of $280.[4]

---

[4] While defendant did not object to the $300 minimum restitution and parole revocation fines and the issue is arguably forfeited, it is clear from the record that the trial court intended to impose only the minimum amounts for all mandatory fees, fines, penalties, and assessments. Since we are remanding the matter to the trial court to specify the minimum amounts of other mandatory fees, fines, penalties, and assessments imposed, the trial court also can specify the minimum amount of the restitution and parole revocation fines it intended to impose.

4

Next, the trial court imposed a restitution fine (§ 1202.4), a parole revocation fine (§ 1202.45), a court facility fee (Gov. Code, § 70373), and a court security fee (§ 1465.8, subd. (a)(1)).  The abstract of judgment reflects the imposition of those mandatory fees and fines.  However, the court also imposed "[a]ny other and all mandatory fees" in their "minimum amounts," none of which is set forth on the record or reflected in the abstract.

Failure to impose mandatory fees, fines, penalties, and assessments constitutes an unauthorized sentence that may be corrected by an appellate court even in the absence of an objection or argument below.  (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415.)  Despite our inherent authority to modify the judgment, we remand the matter to the trial court to provide a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases.  (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)  "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts.  All fines and fees must be set forth in the abstract of judgment.  [Citations.]" (*High,* at p. 1200.)

DISPOSITION

Defendant's conviction is affirmed. The matter is remanded to the trial court to (1) impose the mandatory fees, fines, penalties, and assessments in the minimum amounts and (2) amend the abstract of judgment to reflect the amounts and statutory bases for all fees, fines, penalties, and assessments imposed in accordance with *People v. High, supra*, 199 Cal.App.4th at pages 1200-1201. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

        /s/
HOCH, J.

We concur:


        /s/
BLEASE, Acting P. J.


        /s/
RENNER, J.