Filed 8/9/16  P. v. Stangl CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079349 |
| v. | (Super. Ct. No. NCR92123) |
| ANTHONY EDWARDS STANGL, | |
| Defendant and Appellant. | |

Defendant Anthony Edwards Stangl pleaded guilty to gross vehicular manslaughter while intoxicated and was sentenced to serve the maximum term of 22 years in state prison.  On appeal, defendant challenges (1) the trial court's imposition of the upper term sentence and (2) the court's limitation of custody credits pursuant to Penal Code section 2933.1.[1]  We conclude the trial court did not abuse its discretion in imposing the upper term.  As to the credits, we conclude the 15 percent limitation of

---

[1] Undesignated statutory references are to the Penal Code.

1

section 2933.1 does not apply to defendant's conviction of gross vehicular manslaughter. We modify the judgment to reflect the correct calculation of presentence custody credits and affirm the judgment as modified.

## FACTUAL SUMMARY[2]

At approximately 5:15 a.m. on August 30, 2014, defendant ran a stop sign and struck another car, killing the driver. Defendant's blood-alcohol level was 0.06 percent. Witnesses estimated defendant's speed at the time of the collision was between 60 and 65 miles per hour. Defendant admitted having consumed alcohol prior to 2:00 a.m., and having smoked "a small amount of marijuana a couple hours earlier" pursuant to the "215 card" he obtained two weeks prior to the accident.

## PROCEDURAL BACKGROUND

Defendant was charged by information with gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a) – count I) and driving under the influence of alcohol and drugs causing injury (Veh. Code, § 23153, subd. (f) – count II). The information alleged, as to counts I and II, defendant sustained one prior strike conviction (§ 1170.12, subds. (a)-(d), § 667, subds. (b)-(i)), one prior serious felony conviction (§ 667, subd. (a)(1)), and three prior prison terms (§ 667.5, subd. (b)). The information further alleged, as to count II, defendant inflicted great bodily injury within the meaning of section 12022.7, subdivision (a).

Defendant entered a negotiated plea of guilty to count I and admitted the prior strike and two of the three prior prison term enhancements in exchange for dismissal of

---

**2** Defendant stipulated the California Highway Patrol report would suffice as the factual basis for his plea. Because the report was not included in the record on appeal, the facts are summarized from the probation report.

2

all remaining charges and allegations and a maximum possible state prison sentence of 22 years.

The trial court denied defendant's *Romero* motion to dismiss the prior strike and sentenced defendant to serve the upper term of 10 years, doubled pursuant to the strike, plus two consecutive one-year terms for the two prison priors, for an aggregate term of 22 years in state prison. The court awarded defendant 262 days of presentence custody credit (227 actual days plus 35 conduct credits), calculated at 15 percent of the actual period of confinement pursuant to section 2933.1.[3]

Defendant filed a timely notice of appeal. He did not obtain a certificate of probable cause.

DISCUSSION

I

*Upper Term Sentence*

Defendant contends the trial court abused its discretion by improperly relying on two invalid aggravating factors in imposing the upper term. He contends his trial counsel's argument for a mitigated sentence preserved the issue for appeal. Alternatively, he contends any failure to object was the result of the ineffective assistance of his trial counsel.

The People argue defendant's claim is forfeited for failure to object at sentencing and, in any event, his trial counsel was not ineffective because the trial court did not abuse its discretion in imposing the upper term sentence. We conclude the trial court did not abuse its discretion in imposing the upper term.

---

[3]     We note there is a discrepancy between the trial court's oral pronouncement of conduct credits and the abstract of judgment. The trial court ordered 35 days of conduct credit and the abstract indicates 33 days of conduct credit. In light of our resolution of the credit issue, we need not address this discrepancy.

3

A trial court's sentencing decision is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*Ibid.*) The court may rely on any aggravating circumstances reasonably related to its sentencing decision (*Sandoval, supra*, 41 Cal.4th at p. 848; Cal. Rules of Court, rule 4.420[4]) and need not explain its reasons for rejecting alleged mitigating circumstances (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1583).

In sentencing defendant to serve the upper term sentence, the trial court relied on a number of aggravating circumstances, stating in part as follows:

"[W]hat the Court cannot get around at this point are the obvious factors under [rule] 4.421 regarding the crime itself and certainly the victim was vulnerable. I mean, it is that early in the morning, sure enough, the defendant, at a high rate of speed, goes through a stop sign and ends up having someone pay the ultimate price, which is with their life.

"But even aside from the issue of vulnerability of the victim, what the Court cannot escape is the defendant's previous record. [The prosecution] had indicated that the defendant has spent the better part of his life or at least his latter juvenile years and then his adult life committing crimes. And there is really no getting around that, unfortunately. That in and of itself would be reason to give the defendant . . . the aggravated term. But what I don't understand is how the defendant, in light of his past record, did not see that he was on his probably fifth last chance that he got with respect to his criminal history.

---

[4]     Undesignated rule references are to the California Rules of Court.

4

"I do believe that based on his conduct, staying out until the time that he did and then driving not more than a couple hours later, having been drinking and certainly having smoked marijuana, he has engaged in what I would term to be violent conduct and indicates he is a serious danger. His prior convictions as an adult and sustained petitions in juvenile delinquency are numerous, not necessarily of increasing seriousness when you just look at those offenses, but when you add in the new offense, certainly that would be the case. And the defendant has served a prior prison term. I don't know if he was on parole at the time. If he received four years on a [section] 594, whether that is the case or not, I don't know. But certainly his prior performance on probation and parole was unsatisfactory."

Defendant contends victims of vehicular manslaughter, including victims of drunk drivers, are not particularly vulnerable within the meaning of rule 4.421(a)(3). He also claims the fact he stayed out late after drinking and smoking marijuana was nothing more than an element of the offense of vehicular manslaughter while intoxicated and did not constitute "great violence" within the meaning of rule 4.421(a)(1).

We need not decide whether the victim's vulnerability and the characterization that the crime was one of great violence were invalid factors as applied here. The trial court relied on other valid factors, including defendant's prior offenses,[5] his prior prison term, and his unsatisfactory prior performance on probation and parole. Any one of those aggravating circumstances supported an upper term sentence. (*People v. Osband* (1996) 13 Cal.4th 622, 728; *People v. Black* (2007) 41 Cal.4th 799, 815 [a single valid aggravating factor justifies the upper term].)

---

[5]     Defendant's criminal history began in May 2003 and included juvenile adjudications for felony burglary, attempted arson, felony vandalism, petty theft, and trespass, and adult adjudications for felony first and second degree burglary, felony grand theft, and vandalism, as well as a parole violation.

5

Defendant concedes the factors relating to his criminal history were valid, but argues those factors did not outweigh the circumstances in mitigation. He claims, in the absence of the invalid factors, it is reasonably probable the court would have imposed a more favorable sentence. We disagree.

At sentencing, the court considered defendant's statement, defense counsel's lengthy argument regarding the various mitigating factors, and supporting statements from defendant's fiancée and pastor. Acknowledging in particular defense counsel's statements in mitigation, the court nonetheless stated, "[W]hat the Court cannot escape is the defendant's previous record . . . . That in and of itself would be reason to give the defendant . . . the aggravated term." The court left little doubt as to the weight of defendant's criminal history when, after imposing sentence, the court told defendant, "[M]y hope is, sir, that you are able to think, and I know you will every day you're incarcerated, about what has transpired here. You cannot fault [defense counsel], because [he] did everything he could to get you the best possible result. *He could not get around your previous record.* The fact . . . that you are a young man and you have compiled a record like this so far, I guess it wouldn't come as a surprise that it would end like this, but the unfortunate thing is . . . it has ended like this and you have taken the life of someone else and you have no one else to blame but you." (Italics added.)

After carefully balancing various aggravating circumstances against various mitigating circumstances, the court concluded the mitigating circumstances were outweighed, particularly by defendant's sustained history of criminal conduct. We conclude the trial court's imposition of the upper term was not arbitrary or capricious. Because it is not reasonably probable the sentence would have been more favorable had defense counsel objected to the court's consideration of the two challenged aggravating factors, defendant's claim of ineffective assistance fails. (*Strickland v. Washington*

6

(1984) 466 U.S. 668 [80 L.Ed.2d 674]; *People v. Hawkins* (1995) 10 Cal.4th 920, 940, disapproved on other grounds in *People v. Blakeley* (2000) 23 Cal.4th 82, 89.)

## II

### *Calculation of Custody Credits*

Defendant contends, and the People concede, the trial court miscalculated presentence custody credits on the erroneous belief gross vehicular manslaughter is a "violent felony" within the meaning of section 667.5, thus limiting maximum credits to 15 percent of actual confinement time pursuant to section 2933.1. We accept the People's concession and modify the judgment.

Section 2933.1, subdivision (a), provides that "any person who is convicted of a felony offense listed in subdivision (c) of [s]ection 667.5 shall accrue no more than 15 percent of worktime credit, as defined in [s]ection 2933." Subdivision (c) of that section provides, "Notwithstanding [s]ection 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."

At sentencing, the prosecution argued defendant's crime was "a violent offense per [section] 667.5(c)" and should therefore "be 15 percent of his actual days as opposed to day for day." Defense counsel disagreed, arguing defendant was entitled to "the [section] 4019" credits pending disposition of the case. After reading aloud from section 2933.1, subdivisions (a) and (c), and concluding defendant "should receive 15 percent of the 227," the trial court determined defendant's presentence custody credits totaled 262 (227 actual days plus 35 days of conduct credit) pursuant to section 2933.1.

7

Defendant's crime of conviction for gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)) is not among the violent felonies listed in section 667.5, subdivision (c), and "is not a qualifying violent felony for the purpose of the credit restrictions imposed by section 2933.1(a)." (*In re Pope* (2010) 50 Cal.4th 777, 780.) Therefore, the trial court erred in limiting defendant's credits pursuant to that statute, resulting in an unauthorized sentence that may be corrected by an appellate court even in the absence of an objection or argument in the lower court. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415.)

We therefore modify the judgment to reflect 227 actual days of credit plus 226 days of conduct credit for a total of 453 days of presentence custody credit pursuant to section 4019.

## DISPOSITION

The judgment is modified to reflect presentence custody credits consistent with this opinion. As modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect the modified custody credits, and to direct a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


/s/
HOCH, J.

We concur:


/s/
BLEASE, Acting P. J.


/s/
ROBIE, J.


8