Filed 10/29/21  P. v. Appel CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC SEREFINO APPEL,<br><br>    Defendant and Appellant. | 2d Crim. No. B311282<br>(Super. Ct. No. 2019007331)<br>(Ventura County) |

Eric Serefino Appel appeals the judgment entered after he pleaded guilty to assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b); count 1) and possession of cocaine for sale (Health & Saf. Code, § 11351; count 5).  Appellant also admitted that he personally used a firearm and inflicted great bodily injury in committing the assault (§§ 12022.5, 12022.7) and that he had a prior juvenile adjudication for robbery in 2010 that qualified as a

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

strike (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)).  The trial court dismissed the prior strike allegation as to the drug charge and the personal firearm use allegation as to the assault charge in the interest of justice pursuant to section 1385.  Appellant was sentenced to an aggregate term of 16 years in state prison, consisting of the middle term of 6 years for the assault doubled for the prior strike, plus a 3-year enhancement for the great bodily injury allegation, plus 1 year (one-third the midterm) on the drug charge in count 5.

Appellant contends the court abused its discretion in declining to dismiss his prior strike as to the assault charge in the interest of justice as contemplated in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  He also claims he should be allowed to withdraw his plea due to ineffective assistance of counsel.  We affirm.

## STATEMENT OF FACTS

Because appellant pleaded guilty prior to a preliminary hearing, the relevant facts are derived from the probation report. On the night of March 2, 2019, appellant went to a party at Luis Hernandez's home in El Rio.  Appellant got into an argument with Hernandez, pulled out a handgun, and shot Hernandez in the torso.  The bullet struck and fractured Hernandez's spine and approximately two feet of his intestines had to be removed.  The police subsequently searched appellant's residence and found 68.1 grams of cocaine, a digital scale, baggies, ammunition, and $5,680 in cash.

Several weeks after the shooting, appellant claimed he had acted in self-defense because Hernandez and his father stood in front of his car to prevent him from leaving.  He also stated his belief that a 16-year prison sentence would be excessive and

unfair because "[t]here was only one shot which does not make this an assault case" and he merely "used one round (of ammunition) to defend himself."

## DISCUSSION

### I.

### Romero *Motion*

At his sentencing hearing, appellant brought a *Romero* motion to dismiss his prior strike for robbery in the interest of justice. The court granted the motion as to the drug charge, but denied it as to the assault. Appellant contends the court abused its discretion by declining to dismiss the strike prior as to both offenses of which he was convicted. We are not persuaded.

In deciding whether to grant a *Romero* motion, the trial court must "'consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

We review rulings on a *Romero* motion for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 376.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set

3

aside on review.'" [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree. . . .'" [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)

At the sentencing hearing, appellant waived his right under *People v. Arbuckle* (1978) 22 Cal.3d 749, to be sentenced by the judge who took his plea. Defense counsel urged the court to dismiss the strike prior pursuant to *Romero* on the ground that the prior was nine years old and appellant was "now in his mid to late 20[']s." In ruling on the motion, the court stated: "I grant the motion as to Count 5 [the drug charge]. . . . [T]he strike prior had occurred back in 2010. And the charge in Count 5 is nonviolent related. So in my view, the passage of time warrants that type of consideration as it relates to that particular charge. Count 1, however, is a crime of violence. In my view, extreme violence, use of a firearm and great bodily injury. I will note that between his first foray into the criminal justice system and now there is also a [section] 243 sustained [juvenile delinquency] petition in 2008, also a crime involving violence. And I don't believe the passage of time mitigates the seriousness of this particular offense as it relates to Count 1. So the motion is denied as to Count 1."

Appellant fails to meet his burden of showing that the court's denial of his *Romero* motion was an abuse of discretion. The record reflects that the court fully considered all relevant factors in finding that the prior strike enhancement should apply with regard to the drug charge, but not the assault charge. Contrary to appellant's claim, the court did not "simply follow the

4

file notes" of the judge who took his plea.  Moreover, there is nothing to indicate that the court misunderstood the scope of its discretion or considered impermissible factors in deciding whether to strike the prior.  Accordingly, this case does not present the "limited circumstances" in which the denial of a *Romero* motion amounts to an abuse of discretion.  (*People v. Leavel* (2012) 203 Cal.App.4th 823, 837.)  In arguing otherwise, appellant essentially asks us to reweigh the relevant factors and reach a different conclusion than the one reached by the trial court.  Based on the record before us, appellant has not shown that the trial court's denial of his *Romero* motion as to the assault charge was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

## II.

### *Ineffective Assistance of Counsel*

Appellant also contends that he should be allowed to withdraw his plea on the ground of ineffective assistance of counsel (IAC).  He claims that his retained trial counsel spent insufficient time discussing the case and evidence with him and did not adequately represent him at the sentencing hearing.

Appellant did not move to withdraw his plea in trial court, so his IAC claim is forfeited.[2]  (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1412-1413.)  The claim is also forfeited because it is not supported by any citations to evidence in the record.

---

[2] Appellant first raised his IAC claim in a request for a certificate of appealability (labeled as a request for a certificate of probable cause), which the trial court granted.  Because appellant never moved to withdraw his plea and his request for a certificate of appealability is based on counsel's performance prior to and during the sentencing hearing, it is unclear why his request for a certificate of appealability on this issue was granted.

(*People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 25.)  As the People accurately note, "[a]ppellant does not cite to the record to support his factual allegations precisely because there is nothing in the record to support them."  Appellant's IAC claim thus fails. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674] [IAC claim requires showing of both deficient performance and resulting prejudice].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Patricia M. Murphy, Judge
Superior Court County of Ventura

_____

David Lehr, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Michael Katz, Deputy Attorney General, for Plaintiff and Respondent.