Filed 3/23/26  P. v. Mercado CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADRIAN JAY MERCADO,<br><br>    Defendant and Appellant. | F089369<br><br>(Super. Ct. No. F23901818)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gabriel L. Brickey, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Peña, Acting P. J., Meehan, J. and DeSantos, J.

**INTRODUCTION**

Defendant Adrian Jay Mercado was sentenced to four years four months in custody following a plea bargain in which defendant pleaded no contest to one count of driving under the influence of alcohol and causing bodily injury to another person, in violation of Vehicle Code section 23153, subdivision (g). Defendant's appellate counsel raises no claims of error in briefing here, and requests that we independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant did not file any supplemental letter or briefing with this court.

**FACTUAL AND PROCEDURAL BACKGROUND**

The complaint in this matter alleged that, on or about February 5, 2023, defendant caused injury while driving under the influence of alcohol and drugs. The complaint alleged six counts against defendant, including: driving under the influence and causing injury (count 1; Veh. Code, § 23153, subd. (g)); driving with a blood-alcohol level above 0.08 percent and causing injury (count 2; Veh. Code, § 23153, subd. (b)); driving under the influence and causing injury (count 3; Veh. Code, § 23153, subd. (a)); driving with a suspended license and causing bodily injury (count 4; Veh. Code, § 14601.4, subd. (a)); driving with a license suspended for a prior driving under the influence (DUI) conviction (count 5; Veh. Code, § 14601.2, subd. (a)); and driving with a blood-alcohol level higher than 0.01 percent while on probation (count 6; Veh. Code, § 23154, subd. (a)). The complaint also alleged enhancements for inflicting great bodily injury (Pen. Code, § 12022.7, subd. (a)),[1] having a prior DUI conviction within the last 10 years (Veh. Code, § 23560), and having a blood-alcohol level higher than 0.15 percent (Veh. Code, § 23578) in connection with counts 1 through 3. Additionally, the complaint alleged several aggravating factors pursuant to California Rules of Court, rule 4.421[2] in

---

[1]  All further undesignated statutory references are to the Penal Code.

[2]  Further rule references are to the California Rules of Court.

2.

connection with counts 1 through 3, namely that the crime involved great violence, great bodily harm, or disclosed a high degree of cruelty, viciousness, or callousness (rule 4.421(a)(1)), that defendant was armed or used a weapon during the commission of the crime (rule 4.421(a)(2)), and that the victim was particularly vulnerable (rule 4.421(a)(3)). Lastly, the complaint alleged a general aggravating factor that defendant had engaged in violent conduct indicating a serious danger to society (rule 4.421(b)(1)).

Defendant was initially released on bond with various terms and conditions, including that he not use or possess alcoholic beverages or drugs, and agree to monitoring by way of an ankle monitor and a narcotics patch. Defendant entered a not guilty plea in May 2023 to all charges, but was remanded into custody for violating the conditions of his release. At a later hearing, defendant admitted these violations based on his consumption of prohibited substances (namely cocaine) and intentional tampering with his monitoring device. After numerous continuances, defendant reached a plea deal in which he pled no contest to count 1 (DUI causing injury), as well as admitting all enhancements and aggravating factors, in exchange for dismissal of the remaining counts. The parties also agreed to a maximum sentence of five years. The court ultimately sentenced defendant to the lower term of 16 months on count 1, plus three years pursuant to section 12022.7, subdivision (a), for a total term of four years four months. The court also ordered defendant to pay a restitution fine in the amount of $300, as well as victim restitution of $11,992.35, and the payment of a courtroom security fee of $40 and an assessment fee of $30.

## DISCUSSION

Defendant in this case did not file any supplemental briefing with this court. However, the notice of appeal does state: "The defendant claims the plea agreement was invalid due to the incompetence of counsel because the defendant never admitted to the great bodily injury enchancement [*sic*] … [section] 12022.7[, subdivision] (a) and was

3.

not advised by counsel that by entering into the plea agreement he would be admitting the enchancement [*sic*] limiting his good time/work time credits to 15 [percent] pursuant to … [section] 2933.1. Plea agreement was entered under false pretenses. The sentence for the enchancement [*sic*] is greater than double of the mitigated sentence the defendant received of 16 months. Defendant had no previous convictions."

These statements are belied by the record. The transcript of the change of plea hearing relates that defendant's counsel noted he would be "entering a no contest plea to Count 1" and "is admitting … section 12022.7(a)[, subdivision] (a) as well as [Vehicle Code sections] 23560 and 23578 and all the aggravating factors." The trial court asked if defendant had gone over the change of plea form with his attorney, which he affirmed. The change of plea form specifically included the language "admit PC 12022.7(a)." Thus, defendant was clearly aware that he was admitting the great bodily injury enhancement pursuant to section 12022.7, subdivision (a) at the time of his change of plea hearing on November 19, 2024. Nothing in the record indicates defendant moved the trial court to vacate or withdraw his plea. Defendant could have moved at any time prior to sentencing in January 2025 to vacate his plea. (§ 1018; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413 ["by failing to move to withdraw his plea in the trial court, defendant has forfeited the claim on appeal that his plea was entered involuntarily"].) Defendant's failure to move the trial court forfeits any appeal on this basis.

Moreover, even if we set aside forfeiture, we would find no merit to defendant's claims here. Setting aside the fact that defendant did know he was pleading to the enhancement under section 12022.7, subdivision (a), and even presuming counsel failed to advise defendant of the sentencing consequences of section 2933.1,[3] it is well-established that a failure to advise about "a limit on good-time or work-time credits

---

[3] Section 2933.1 limits worktime credits earned to no more than 15 percent of the imposed sentence.

available to the defendant" is not, without more, a basis to withdraw or set aside a guilty plea. (*People v. Barella* (1999) 20 Cal.4th 261, 272.) Thus, even if defendant had moved to withdraw his guilty plea in the trial court, withdrawal would not have been permitted. We also note, as an aside, that while the prosecution agreed to a five-year cap on the sentence imposed, the court indicated it intended to impose, and did ultimately impose, a lower sentence of four years four months.

Having further independently reviewed the record in this matter, we are satisfied that no arguable claims of error exist, and that appellate counsel has appropriately discharged their duties pursuant to *Wende*.

## **DISPOSITION**

The judgment is affirmed.