[No. F022153. Fifth Dist. Aug. 28, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT SIERRA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and part I.

**COUNSEL**

David S. Rugendorf, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edgar A. Kerry and Lloyd G. Carter, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## HARRIS, J.—

### STATEMENT OF THE CASE

On April 27, 1994, an information was filed in the Tulare County Superior Court charging appellant, Robert Sierra, with three counts. In count I appellant was charged with transportation of methamphetamine in violation of Health and Safety Code section 11379, subdivision (a). Appellant was charged in count II with transportation of marijuana in violation of Health and Safety Code section 11360, subdivision (a). In count III appellant was charged with driving under the influence and refusing a chemical test in violation of Vehicle Code sections 23152, subdivision (a), 23157 and 23159.

On May 27, 1994, appellant filed a motion to suppress evidence pursuant to Penal Code section 1538.5. The motion was argued on June 8, 1994, and denied.

A jury trial began on June 20, 1994. On June 22, 1994, appellant was found guilty of count I and acquitted on counts II and III.

On August 3, 1994, appellant was placed on three years' probation and ordered to serve one hundred eighty days in Tulare County jail. He was given one day of presentence credit. The court, having determined that appellant had the "ability to pay these amounts," further ordered appellant to pay the following monetary sums specifying individualized payment methods:

1. $200 restitution payable at $25 a month.

2. A $100 fine plus a $170 penalty assessment thereon, for a total of $270, payable at $25 a month.

3. A $50 criminal laboratory analysis fee and a $100 Health and Safety Code section 11372.7 program fee, plus a $255 penalty assessment on the

total of the two,[1] plus a $30 installment fee, for a total of $435, all payable at $50 a month.

4. A $200 restitution fine pursuant to former Government Code section 13967, stayed pending successful completion of probation and permanently thereafter.

5. Three hundred thirty dollars pursuant to Penal Code section 1203.1, subdivision (b) for the cost of the presentence probation report, payable to the probation officer.

Appellant raises two issues on appeal. In the unpublished portion of this opinion we will set forth the facts leading to appellant's traffic stop and reject his contention that the trial court erred in denying his motion to suppress pursuant to Penal Code section 1538.5. In the published portion we will conclude that the trial court properly imposed a penalty assessment upon the imposed drug program fee.[2]

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.

*Suppression Motion**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]Contrary to appellant's assertion, only $170 of the penalty assessment would be attributable to the drug program fee.

[2]Appellant also, without citation of authority or legal argument and as somewhat of an aside, argues that the trial court was without statutory authority to impose installment charges on the drug program fee. He apparently believes that the $30 installment fee was solely based upon the program fee. Our review of the record makes clear that the only relationship between the program fee and the installment fee is that they were both included in the $435 total that was to be paid at $50 a month. There were two additional sums, each of which was payable in $25 monthly installments. Penal Code section 1205, subdivision (d) authorizes the imposition of the fee for the processing of installment accounts. Further, "Where a point is merely asserted by counsel without any argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion." (*People* v. *Ham* (1970) 7 Cal.App.3d 768, 783 [86 Cal.Rptr. 906], disapproved on another ground in *People* v. *Compton* (1971) 6 Cal.3d 55, 60, fn. 3 [98 Cal.Rptr. 217, 490 P.2d 537].) For all of these reasons we find appellant's contention without merit and do not find it necessary to further address it.

*See footnote, *ante,* page 1690.

## II.

### *Penalty Assessment on Drug Program Fee*

 Appellant contends that the trial court improperly imposed a penalty assessment of $255 on the drug program fee imposed pursuant to Health and Safety Code section 11372.7. Appellant argues that the drug program fee imposed pursuant to Health and Safety Code section 11372.7, subdivision (a) "shall be in addition to any other penalty prescribed by law" and should therefore be imposed only as the last fee or charge after all others have been imposed. Under this interpretation, he argues no penalty assessment can be charged on a drug program fee.

Health and Safety Code section 11372.7, subdivision (a) provides: "(a) Except as otherwise provided in subdivision (b) or (e), each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense. The court shall increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law."

Additional penalties, or assessments, are imposed under California law upon every fine, penalty or forfeiture imposed and collected by the courts for criminal offenses. This requirement is mandated by Penal Code section 1464 and Government Code section 76000.[5]

---

[5]In relevant portion, Penal Code section 1464 provides as follows:

"(a) Subject to Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code, there shall be levied a state penalty, in an amount equal to ten dollars ($10) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses, including all offenses, except parking offenses as defined in subdivision (i) of Section 1463, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. Any bail schedule adopted pursuant to Section 1269b may include the necessary amount to pay the state penalties established by this section and Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code for all matters where a personal appearance is not mandatory and the bail is posted primarily to guarantee payment of the fine.

". . . . . . . . . . . . . . . . . . . . . . . .

"(e) After a determination by the court of the amount due, the clerk of the court shall collect the penalty and transmit it to the county treasury. The portion thereof attributable to Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code shall be deposited in the appropriate county fund and the balance shall then be transmitted to the State Treasury, with 70 percent to be deposited in the State Penalty Fund, which is hereby created, and 30 percent to remain on deposit in the General Fund. The transmission to the State Treasury shall be carried out in the same manner as fines collected for the state by a county."

In relevant portion, Government Code section 76000 provides: "(a) In each county there shall be levied an additional penalty of seven dollars ($7) for every ten dollars ($10) or

Appellant argues that the drug program fee pursuant to Health and Safety Code section 11372.7 is a *specific* fee created by the Legislature for a *specific* purpose and from the language of the statute is imposed in addition to a base fine. Appellant contends that the sanction of levying any additional penalty assessment on top of the drug program fee would permit an absurd result because the last sentence of this section provides that the drug program fee be imposed after all other fees because it "shall be in addition to any other penalty prescribed by law."

The problem with appellant's construction of Health and Safety Code section 11372.7, subdivision (a) is that the very sentence appellant attempts to interpret defines the drug program fee as an increase to the "total fine" and later as a fine in addition "to any *other penalty*." (Italics added.) In other words, section 11372.7, subdivision (a) describes itself as both a fine and/or a penalty.

Government Code section 76000 creates a mandatory levy in dollars prescribed by law that must be imposed pursuant to Penal Code section 1464 "upon every *fine, penalty*, or forfeiture." (Italics added.) This is the identical language used in subdivision (a) of Penal Code section 1464. Health and Safety Code section 11372.7, subdivision (a) is simply one more fine and/or penalty prescribed by law. As such, it is subject to the mandatory penalty assessments set forth in Government Code section 76000 and Penal Code section 1464.

Furthermore, the imposition of a penalty assessment pursuant to Penal Code section 1464, subdivision (a) is mandatory. ■ Trial courts are given discretion under subdivision (d) of section 1464 not to impose the penalty assessment where an inmate remains in prison and the payment of the assessment "would work a hardship on the person convicted or his or her immediate family." Otherwise, the trial court has an obligation to impose a penalty assessment. (*People* v. *Heisler* (1987) 192 Cal.App.3d 504, 506-507 [237 Cal.Rptr. 452].)

■ The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. In order to

---

fraction thereof which shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses, including all offenses involving a violation of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code, except parking offenses subject to Article 3 (commencing with Section 40200) of Chapter 1 of Division 17 of the Vehicle Code. These moneys shall be taken from fines and forfeitures deposited with the county treasurer prior to any division pursuant to Section 1463 of the Penal Code."

determine such intent, courts begin by examining the language of the statute. It is a settled principle of statutory interpretation that the language of the statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend. (*People* v. *Thomas* (1992) 4 Cal.4th 206, 210 [14 Cal.Rptr.2d 174, 841 P.2d 159].)

 Appellant's interpretation of Health and Safety Code section 11372.7 would lead to absurd consequences by reading out of that very section the fact that it is a fine and/or a penalty. So reading the statute, the trial court could not impose an otherwise mandatory penalty assessment. Appellant's interpretation does violence to the express language of the statute and to the clear intent of the Legislature, and would lead to an absurd result.

The only reasonable interpretation of Health and Safety Code section 11372.7 is that it is a fine and/or a penalty to which the penalty assessment provisions of Penal Code section 1464 and Government Code section 76000 apply.

### DISPOSITION

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Dibiaso, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 21, 1995.