TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-1101 |
| of | : | |
| | : | March 20, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE CHARLES R. MACK, YOLO COUNTY COUNSEL, has requested an opinion on the following question:

Does the $200 fee paid by a person granted probation for a crime of domestic violence constitute a "fine, penalty, or forfeiture" to which penalty assessment provisions apply?

CONCLUSION

The $200 fee paid by a person granted probation for a crime of domestic violence does not constitute a "fine, penalty, or forfeiture" to which penalty assessment provisions apply.

ANALYSIS

Penal Code section 1464 **Footnote No. 1** provides that "there shall be levied a state penalty . . . upon every fine, penalty or forfeiture imposed and collected by the courts for criminal offenses . . . ." Government Code section 76000 is similar, but applies to counties: "In each county there shall be levied an additional penalty . . . upon every fine, penalty or forfeiture imposed and collected by the courts for criminal offenses . . . ." The effect of these two statutes is to levy a penalty assessment of approximately 170 percent upon the amount of any "fine, penalty, or forfeiture." **Footnote No. 2**

The question we are asked to resolve is whether the payment of a fee imposed as a condition of probation for a crime involving domestic violence is a "fine, penalty, or forfeiture" to which these penalty assessment provisions are applicable. The fee is collected to fund various programs dealing with domestic violence and is set forth in section 1203.097, which provides:

"(a) If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(5) The defendant shall pay a minimum of a two-hundred-dollar ($200) payment to be disbursed as specified in this paragraph. If, after a hearing in court on the record, the court finds that the defendant does not have the ability to pay, the court may reduce or waive this fee."

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(11) The conditions of probation may include, in lieu of a fine, but not in lieu of the fund payment required under paragraph (5), one or more of the following requirements . . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

We conclude that the "payment" described in section 1203.097 is not a "fine, penalty, or forfeiture" for purposes of section 1464 or Government Code section 76000.

In examining the language of section 1203.097, we are directed to harmonize its provisions to the extent possible (see *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387), while arriving at an interpretation that effectuates the intent of the Legislature (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 721,724). In determining legislative intent, " . . . we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent. [Citation.]" (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) We give the words "their usual and ordinary meaning. [Citations.]" (*Dafonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.)

Read together, subdivisions (a)(5) and (a)(11) of section 1203.097 lead to the inescapable conclusion that the Legislature did not intend the domestic violence program fee to be considered a fine, penalty, or forfeiture. The Legislature never used the words "penalty," "fine," or "forfeiture," to describe the payment. In subdivision (a)(11), the Legislature explicitly distinguished between the "fund payment required under paragraph (5)" on the one hand, and a "fine" on the other.

"Fines," "penalties," and "forfeitures" have well established and settled meanings. (See 23 Ops.Cal.Atty.Gen. 113, 116 (1954).) When the Legislature intends to denote punishment imposed for a crime or offense against the law, it uses such terms rather than "payment." Here, the Legislature makes this distinction readily apparent as set forth in section 1203.097, subdivision (a)(11).

We reject the suggestion that *People* v. *Sierra* (1995) 37 Cal.App.4th 1690, requires our reaching a different conclusion. In *Sierra* the court considered whether section 1464 and Government Code section 76000 applied to "a drug program fee" specified in Health and Safety Code section 11372.7. The court had no difficulty in concluding that the fee was a penalty and fine, since the statute so identified it. (*Id.*, at p. 1695.) The court stated:

"Appellant's interpretation of Health and Safety Code section 11372.7 would lead to absurd consequences by reading out of that very section the fact that it is a fine and/or a penalty. . . . Appellant's interpretation does violence to the express language of the statute and to the clear intent of the Legislature . . . ." (*Id*., at p. 1696.)

No such claim may be made with respect to section 1203.097. The Legislature never refers to the fund payment as a fine, penalty, or forfeiture, but rather distinguishes it from such characterization.

We conclude that the $200 fee paid by a person granted probation for a crime of domestic violence does not constitute a "fine, penalty, or forfeiture" to which penalty assessment provisions apply.

* * * * *

**Footnote No. 1**
All references hereafter are to the Penal Code unless otherwise specified.
**Footnote No. 2**
Under section 1464, the penalty is $10 for every $10 collected, while under Government Code section 76000, the penalty is $7 for every $10 collected.