118 Cal.Rptr.2d 99 (2002)
96 Cal.App.4th 1409
The PEOPLE, Plaintiff and Respondent,
v.
Jesse Dee TURNER, Defendant and Appellant.
No. C037315.
Court of Appeal, Third District.
March 22, 2002.
Review Denied June 26, 2002.
*100 Tamara P. Holland, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Senior Assistant Attorney General, Wanda Hill Rouzan, Supervising Deputy Attorney General, for Plaintiff and Respondent.

OPINION ON REHEARING
SIMS, Acting P.J.
On September 18, 2000, defendant Jesse Dee Turner pled guilty to possession for sale of methamphetamine (Health & Saf. Code, § 11378) and being a felon in possession of a firearm (Pen.Code, § 12021.1, subd. (a)). Defendant also admitted as true allegations he suffered a prior serious felony conviction (Pen.Code, §§ 667, subd. *101 (d), 1170.12, subd. (b)) and served a prior prison term (Pen.Code, § 667.5, subd. (b)).
On October 16, 2000, the day set for sentencing, defendant was granted a continuance to allow him to file a motion to withdraw his guilty plea.
On November 6, 2000, the sentencing hearing was reset because defendant had not filed the motion to withdraw his guilty plea. Defendant never moved to withdraw his plea.
On December 5, 2000, defendant was sentenced to a total of five years in state prison.
On December 21, 2000, defendant filed a notice of appeal and a request for a certificate of probable cause. The request for the certificate was supported by a declaration from defendant. In his declaration, defendant averred that a parole agent, who had participated in the search of a truck in which defendant had been a passenger, lied in his report when the agent described the truck as being owned by the defendant. In fact, according to a police report prepared by a police officer, the truck had been owned by defendant's brother. Defendant acknowledged that he received the parole agent's report two days after he entered his guilty plea.
The trial court granted defendant a certificate of probable cause.
On appeal, defendant contends this court should set aside his guilty plea because it was not knowingly and intelligently made (and was therefore involuntary), in that defendant was not made aware of the alleged falsehood in the parole agent's report until after he entered his plea.
Defendant has forfeited this claim on appeal because he never made a motion to withdraw his plea in the trial court.
Thus, as a general rule, "an appellate court will not consider claims of error that could have beenbut were notraised in the trial court. [Citation.]" (People v. Vera (1997) 15 Cal.4th 269, 275, 62 Cal. Rptr.2d 754, 934 P.2d 1279; see People v. Simon (2001) 25 Cal.4th 1082, 1103, 108 Cal.Rptr.2d 385, 25 P.3d 598, and authorities cited therein; People v. Saunders (1993) 5 Cal.4th 580, 589-590, 20 Cal. Rptr.2d 638, 853 P.2d 1093.)
Here, Penal Code section 1018 expressly authorized defendant to move to withdraw his plea "at any time before judgment."[1] (See People v. Cruz (1974) 12 Cal.3d 562, 566, fn. 5, 116 Cal.Rptr. 242, 526 P.2d 250.) The record demonstrates defendant was aware of the circumstances that allegedly *102 caused his plea to be involuntary some two days after entry of the plea and well before judgment, that defendant thereafter obtained a continuance to allow him to file a motion to withdraw his plea, and that no such motion was ever made. In the circumstances, by failing to move to withdraw his plea in the trial court, defendant has forfeited the claim on appeal that his plea was entered involuntarily. (People v. Marsh (1984) 36 Cal.3d 134, 140, 202 Cal.Rptr. 92, 679 P.2d 1033; People v. Massie (1967) 66 Cal.2d 899, 910, 59 Cal. Rptr. 733, 428 P.2d 869; People v. Pinon (1973) 35 Cal.App.3d 120, 126, 110 Cal. Rptr. 406; People v. Barajas (1972) 26 Cal.App.3d 932, 937, 103 Cal.Rptr. 405.)
In our original opinion in this case, we said that, "the trial court failed to impose the mandatory $50 laboratory analysis fee that accompanies defendant's conviction for violation of Health and Safety Code section 11378. (Health & Saf.Code, § 11372.5, subd. (a).) `The fee is mandatory. [Citations.] There is no requirement that a defendant be found to have the ability to pay a criminal laboratory analysis fee before such a fee can be imposed. [Citations.]' (People v. Martinez (1998) 65 Cal.App.4th 1511, 1519, 77 Cal.Rptr.2d 492.) The fee is also subject to mandatory penalty assessments. (Pen.Code, § 1464; Gov.Code, § 76000; People v. Martinez, supra, 65 Cal.App.4th at pp. 1520-1522, 77 Cal.Rptr.2d 492.) Because the fee and penalty assessments are mandatory, this court is empowered to order defendant to pay them even though the People made no objection in the trial court. (People v. Smith (2001) 24 Cal.4th 849, 853, 102 Cal. Rptr.2d 731, 14 P.3d 942; People v. Martinez, supra, 65 Cal.App.4th at p. 1522, 77 Cal.Rptr.2d 492.)"[2]
We therefore modified the judgment to impose a $50 laboratory analysis fee, a $50 penalty assessment pursuant to Penal Code section 1464, and a $35 penalty assessment pursuant to Government Code section 76000 (total $135). We then affirmed the judgment as modified.
Correctly pointing out that we had not given the parties an opportunity to brief the question of the imposition of the fee and penalty assessments,[3] defendant filed a petition for rehearing. Pursuant to the directive of Government Code section 68081,[4] we granted rehearing and requested *103 supplemental briefing on the issue from the parties.
Having considered the supplemental briefing, we shall again modify the judgment to impose the same laboratory analysis fee and related penalty assessments (total $135) as we did originally.
Defendant objects to this result on several grounds.
Defendant first contends that since he was not advised of this fee when he entered his plea, imposition of the fee and penalties would violate his plea agreement. He says that the court cannot impose the fee and penalties or, if it does, must give him the opportunity to withdraw his plea. However, a court violates a plea bargain only where it imposes a statutorily-mandated punishment that is significantly greater than that bargained for. (People v. Walker (1991) 54 Cal.3d 1013, 1026, 1 Cal.Rptr.2d 902, 819 P.2d 861.) The total amount of the laboratory analysis fee plus penalties is $135. This amount is de minimis and does not violate defendant's plea bargain. (Walker, supra, 54 Cal.3d at p. 1027, 1 Cal.Rptr.2d 902, 819 P.2d 861 [$100 restitution fine is de minimis and not "significant"].)
Defendant next argues that imposition of the fee and penalties violates the doctrine of separation of powers because the People did not request that the fee be imposed, either in the trial court or this court. We do not agree. Failure to impose the mandatory laboratory analysis fee constituted an unauthorized sentence. (People v. Martinez, supra, 65 Cal.App.4th at pp. 1519-1520, 77 Cal.Rptr.2d 492.) An unauthorized sentence may be corrected by an appellate court "regardless of whether an objection or argument was raised in the trial and/or reviewing court." (People v. Welch (1993) 5 Cal.4th 228, 235, 19 Cal.Rptr.2d 520, 851 P.2d 802, and authorities cited therein; followed in People v. Smith (2001) 24 Cal.4th 849, 852, 102 Cal.Rptr.2d 731, 14 P.3d 942.) There is no violation of the doctrine of separation of powers.
Defendant contends this result violates his federal constitutional right to the equal protection of the laws. (U.S.Const., 14th Amend.) He points to language in our original opinion where we said, "The trial courts in our district are erroneously omitting this fee in far too many cases." According to defendant, we are unfairly singling him out for imposition of the subject fee and penalties while many other defendants do not have the fee imposed. Defendant's factual assumption is wrong. When we said in our original opinion that the trial courts are omitting the fee in too many cases (which remains true), we were necessarily referring to cases we had reviewed on appeal. However, this court routinely orders imposition of the subject fee and related penalty assessments in all cases subject to our review where the fee is required but was not imposed. Defendant's equal protection argument is without merit.
Defendant contends that even if the laboratory analysis fee can be imposed, the related penalty assessments cannot be imposed because, according to defendant, the trial court had discretion not to impose the penalty assessments if payment would work a hardship on the person or his immediate family. Defendant asserts that since the trial court had discretion not to impose the penalty assessments, and since the People failed to object to the trial court's failure to impose the assessments, the penalty assessments cannot be imposed in the first instance by this court. (See People v. Tillman, supra, (2000) 22 Cal.4th 300, 303, 92 Cal.Rptr.2d 741, 992 P.2d 1109.)
*104 The People concede that defendant's argument is correct. We shall refuse the concession as improvident.
Defendant claims the trial court had discretion to refuse to impose the penalty assessments pursuant to Penal Code section 1464, subdivision (d), which provides as follows:
"In any case where a person convicted of any offense, to which this section applies, is in prison until the fine is satisfied, the judge may waive all or any part of the state penalty, the payment of which would work a hardship on the person convicted or his or her immediate family."
According to defendant, this language gave the trial court discretion to waive the penalty assessment provided by Penal Code section 1464. And, defendant argues, since Government Code section 76000, subdivision (a) provides in relevant part that its penalty assessment shall be levied, "in the same manner as the amounts established by Section 1464 of the Penal Code," the trial court had discretion to waive the Government Code penalty assessment as well.
Defendant and the Attorney General do not read subdivision (d) of Penal Code section 1464 carefully enough. That statutory language allows the trial court to waive all or part of the penalty assessment only "where a person convicted of any offense ... is in prison until the fine is satisfied...." This language tracks the following language in Penal Code section 1205, subdivision (a): "A judgment that the defendant pay a fine, with or without other punishment, may also direct that he ... be imprisoned until the fine is satisfied. ..."
Even assuming for the sake of argument that the trial court could lawfully direct that defendant be imprisoned until the fee[5] is satisfied (but see In re Antazo (1970) 3 Cal.3d 100, 116-117, 89 Cal.Rptr. 255, 473 P.2d 999; People v. Ralph (1944) 24 Cal.2d 575, 582-583, 150 P.2d 401; People v. Brown (1896) 113 Cal. 35, 36-37, 45 P. 181), the simple fact is that the trial court made no such order in this case. Thus, "the circumstance specified in subdivision (d) of section 1464, the defendant must remain in prison until a fine is paid, does not arise in this case." (People v. Martinez, supra, 65 Cal.App.4th at p. 1522, 77 Cal.Rptr.2d 492.) Because the condition precedent necessary to the trial court's exercise of discretion to waive all or part of the penalty assessment (imprisonment until the fine is satisfied) never occurred in this case, the trial court had no discretion to refuse to impose the penalty assessments, and the People did not have to object in the trial court in order for this court to correct an unauthorized sentence by imposing the penalty assessments. (People v. Smith, supra, 24 Cal.4th at p. 854, 102 Cal.Rptr.2d 731, 14 P.3d 942.)
Because the trial court had no discretion to refuse to impose the laboratory analysis fee and related penalty assessments (People v. Martinez, supra, 65 Cal.App.4th at pp. 1521-1522, 77 Cal.Rptr.2d 492; People v. Sierra (1995) 37 Cal.App.4th 1690, 1695, 44 Cal.Rptr.2d 575; People v. Heisler (1987) 192 Cal.App.3d 504, 507, 237 Cal. Rptr. 452, 62 Ops. Cal.Atty.Gen. 13, 17 (1979)), we shall modify the judgment to impose them, as we did in our original opinion. (People v. Smith, supra, 24 Cal.4th at p. 852, 102 Cal.Rptr.2d 731, 14 P.3d 942; People v. Martinez, supra, 65 Cal.App.4th at p. 1522, 77 Cal.Rptr.2d 492.)

*105 DISPOSITION
The judgment is modified by imposing a $50 laboratory analysis fee pursuant to Health and Safety Code section 11372.5, a $50 penalty assessment pursuant to Penal Code section 1464, and a $35 penalty assessment pursuant to Government Code section 76000. As modified, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment showing the modifications and shall forward a certified copy of the same to the Department of Corrections.
We concur: MORRISON and HULL, JJ.
NOTES
[1] Penal Code section 1018 provides: "Unless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself or herself in open court. No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall that plea be received without the consent of the defendant's counsel. No plea of guilty of a felony for which the maximum punishment is not death or life imprisonment without the possibility of parole shall be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him or her of the right to counsel and unless the court shall find that the defendant understands the right to counsel and freely waives it, and then only if the defendant has expressly stated in open court, to the court, that he or she does not wish to be represented by counsel. On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. Upon indictment or information against a corporation a plea of guilty may be put in by counsel. This section shall be liberally construed to effect these objects and to promote justice."
[2] "The trial court also did not impose a drug program fee pursuant to Health and Safety Code section 11372.7. However, unlike Health and Safety Code section 11372.5, Health and Safety Code section 11372.7, subdivision (b) provides in relevant part, `If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee.' We presume the trial court found an inability to pay, because the trial court is not required to state such a finding on the record; therefore, the prosecutor's failure to object to omission of the fee waives the People's claim of error on appeal. (People v. Tillman (2000) 22 Cal.4th 300, 303, 92 Cal. Rptr.2d 741, 992 P.2d 1109; People v. Martinez, supra, 65 Cal.App.4th at pp. 1516-1519, 77 Cal.Rptr.2d 492.)"
[3] We thought the imposition of $135 in fee plus penalties was settled by People v. Martinez, supra, 65 Cal.App.4th at pages 1520-1522, 77 Cal.Rptr.2d 492 and therefore did not warrant the expenditure of public funds necessary to obtain supplemental briefing.
[4] Government Code section 68081 provides:

"Before the Supreme Court, a court of appeal, or the appellate division of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."
[5] For purposes of imposition of the penalty assessments, "the laboratory fee is a fine. [Citation.]" (People v. Martinez, supra, 65 Cal.App.4th at p. 1522, 77 Cal.Rptr.2d 492.)