Filed 2/24/21  P. v. Outlaw CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROYELLE LEON OUTLAW,<br><br>    Defendant and Appellant. | 2d Crim. No. B305932<br>(Super. Ct. No. YA099243)<br>    (Los Angeles County) |

Royelle Outlaw appeals an order revoking his probation and executing a suspended sentence.  He contends that he is entitled to (1) have the three prior prison term enhancements stricken from his sentence due to a change in law that occurred after sentencing, and (2) additional days of presentence custody credit.  We agree with both contentions, and remand.

**FACTUAL AND PROCEDURAL HISTORY**

Outlaw quickly walked away from a car when he saw Los Angeles County sheriff deputies approach him.  The car was unoccupied, and a loaded semiautomatic firearm was in the front

passenger seat. A deputy searched Outlaw and found cocaine in his pants.

In February 2019, Outlaw pled guilty to possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1) and possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1); count 2). He admitted the allegation that he served five prior prison terms. (§ 667.5, subd. (b).) The trial court sentenced him to six years in county jail (three years for count 1 and one year for each of three prior prison terms).[2] It suspended execution of sentence and granted three years' probation.

In March 2020, Outlaw violated the terms of his probation, and the trial court revoked probation. Before the court ordered the sentence executed, the prosecutor noted that Outlaw should have been sentenced to state prison, and not county jail. The court agreed and ordered Outlaw to serve the six-year sentence in state prison. Outlaw received 176 days of custody credit (88 days of actual custody and 88 days of conduct credit).

## DISCUSSION

### *Prison Priors*

When the trial court originally sentenced Outlaw, section 667.5, subdivision (b) required it to add one-year enhancements to his sentence for each prior prison term. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681, [enhancement

---

[1] Further unspecified statutory references are to the Penal Code.

[2] The sentence for count 2 was stayed pursuant to section 654, and the two other prison priors were stricken pursuant to section 1385.

2

mandatory unless stricken].) The Legislature subsequently enacted Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats 2019, ch. 590, § 1) (S.B. 136), which, effective January 1, 2020, limits the applicability of prior prison term sentence enhancements to terms served for sexually violent offenses. (*Jennings*, at p. 681.) The provisions of S.B. 136 apply retroactively to cases that are not yet final on appeal. (*Jennings*, at pp. 681-682.)

Outlaw contends that the one-year enhancements for the three prison priors should be stricken from his sentence because his judgment was not yet final on the date S.B. 136 became effective.[3] (*In re Estrada* (1965) 63 Cal.2d 740.) We agree.

In *Martinez*, *supra*, 54 Cal.App.5th 885, we decided under similar circumstances that a defendant (Martinez) was entitled to the retroactive benefit of S.B. 136 on appeal from an order revoking his mandatory supervision. There, the trial court imposed a split sentence of four years eight months, two years of which were based on two prison priors pursuant to section 667.5, subdivision (b). Martinez was to serve the first two years in county jail and the remaining two-year eight-month term on mandatory supervision. (*Martinez*, at p. 890.) After Martinez violated the terms of his supervision, the trial court revoked supervision and ordered Martinez to serve the remainder of his sentence in county jail. (*Ibid*.) Subsequently, the Legislature

---

[3] The Supreme Court has granted review of cases presenting this issue where probation is granted and execution of the sentence is suspended. (See *People v. Esquivel* (Mar. 26, 2020, B294024) 2020 WL 1465895 [nonpub. opn.], review granted Aug. 12, 2020, S262551; *People v. Martinez* (2020) 54 Cal.App.5th 885 (*Martinez*), review granted Nov. 10, 2020, S264848.)

enacted S.B. 136. Martinez appealed the order revoking his supervision, arguing that S.B. 136 applied retroactively to his sentence. We agreed. (*Martinez*, at pp. 890-891.)

In concluding that S.B. 136 applied, we observed that a sentence becomes final "'when all available means to avoid its effect have been exhausted.' [Citation.] It has not become final 'if there still remains some legal means of setting it aside' on direct appeal. [Citation.]" (*Martinez*, *supra*, 54 Cal.App.5th at p. 891.) In the context of probation and supervision, a "judgment is not 'final' when the trial court imposes a sentence but suspends its execution. [Citation.] Criminal proceedings remain outstanding against the defendant, and the judgment 'may or may not become final' depending on what happens during the probationary period." (*Id.* at p. 892, citing to *People v. Chavez* (2018) 4 Cal.5th 771, 781.) The "'trial court's jurisdiction to impose a final judgment—"continues into and throughout the period of probation" and expires only "when the probation period ends." [Citation.]'." (*Martinez*, at p. 893, citing to *People v. McKenzie* (2020) 9 Cal.5th 40 [holding that the retroactive benefits of Senate Bill No. 180 apply to a defendant who appealed an order revoking his probation and imposing a sentence].)

We reach the same conclusion here. The ameliorative benefits of S.B. 136, which took effect before Outlaw's probation was revoked, applies here. The three one-year prison prior enhancements must be stricken. (See *Martinez*, *supra*, 54 Cal.App.5th at p. 894.)

*Withdrawal of Plea*

Outlaw contends that he should have been given the opportunity to withdraw his plea when the trial court changed its

4

original jail sentence to a prison sentence. The contention is forfeited.

Before Outlaw pled to his crimes, the trial court indicated it would suspend a sentence of six years in *county jail* and grant probation. Outlaw responded that he "would accept [the open plea]," and pled guilty to his crimes and admitted the allegations. The trial court then sentenced Outlaw to county jail for six years, execution of which was suspended, and granted probation.

After Outlaw's probation was revoked one year later, the prosecutor argued the original sentence was erroneous because his crimes rendered him ineligible for a county jail sentence. (See Health and Saf. Code, §§ 11370.1, subd. (a); 29800, subd. (a)(1).) The trial court agreed and modified the sentence to be a state prison sentence. Outlaw did not object to the modification, nor did he seek to withdraw the plea. Because he did not object to the prison sentence, he forfeited the argument on appeal. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1412-1413.)

Outlaw argues that his counsel rendered ineffective assistance when he failed to request a withdrawal of the plea. We disagree.

A defendant claiming ineffective assistance of counsel must show (1) counsel rendered deficient performance, and (2) resulting prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Riel* (2000) 22 Cal.4th 1153, 1175.) If a defendant fails to establish either prong, the claim should be denied. (*Strickland*, at p. 700.) We independently review whether Outlaw has demonstrated ineffective assistance of counsel. (*In re Alvernaz* (1992) 2 Cal.4th 924, 944-945.)

5

Here, Outlaw has not carried his burden to show counsel's performance was deficient. If ""the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected."" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

On this record, we cannot say that counsel's performance was deficient. The record is silent as to why counsel did not object, and he could have had a legitimate tactical reason for not doing so.[4] (*People v. Majors* (1998) 18 Cal.4th 385, 403 [the record must affirmatively disclose the lack of a rational tactical purpose].)

*Presentence Custody Credits*

Outlaw contends he is entitled to an additional 16 days of custody credit (8 days of actual credit and 8 days of conduct credit). The Attorney General agrees.

The record reflects Outlaw was in custody from October 1 through October 4, 2019 and January 27 through January 31, 2020. He did not receive custody credit for those days. The abstract of judgment should be corrected to reflect 16 additional days of custody credit.

**DISPOSITION**

The matter is remanded to the trial court with directions to strike the three one-year sentence enhancements imposed pursuant to section 667.5, subdivision (b), and to

---

[4] For example, counsel could have reasonably determined that objection would have been futile (*People v. Price* (1991) 1 Cal.4th 324, 387), or decided not to risk resentencing to the upper principal term.

6

resentence Outlaw.  After resentencing, the clerk of the court shall prepare an amended abstract of judgment to reflect (1) the new sentence and (2) an additional 16 days of presentence custody credit.  The clerk shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

7

Edmund Wilcox Clarke, Jr., Judge

Superior Court County of Los Angeles

_____

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.